**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Magdaleno-Cabada,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | CASE NO. CV-06-111-TUC-FRZ<br>                CR-05-666-TUC-FRZ<br><br>**ORDER** |

Petitioner has filed a Motion to "Vacate, Set Aside or to Modify and Correct Sentence by a Person in Federal Custody, under Title 28 U.S.C. § 2255."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255.

**Background**

Pursuant to a plea agreement, Petitioner entered a plea of guilty to Count Two of the Indictment, which charged him with knowingly and intentionally possessing with the intent to distribute approximately seventy-four pounds of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II).

1   Pursuant to the plea agreement, Petitioner waived "any and all motions, defenses,
2 probable cause determinations, and objections which [he] could assert to the indictment or
3 to the Court's entry of judgment against [him] and imposition of sentence upon [him]
4 consistent with [the plea] agreement." In addition, Petitioner waived "any right to
5 collaterally attack [his] conviction and sentence under Title 28, United States Code, Section
6 2255."

7   The plea agreement provided for a sentencing range of 70-87 months. The Court
8 imposed a sentence of sixty months, ten months lower than the bottom of the sentencing
9 range in the plea agreement. The Court adopted the Presentence Report, which
10 recommended a downward variance pursuant to 18 U.S.C. § 3553(a) and a sentence of sixty
11 months because: (1) the sentence under the plea agreement was "greater than necessary to
12 reflect the seriousness of the offense, to promote respect for the law, and to provide just
13 punishment for the offense"; (2) Petitioner had a limited role in the offense, had "no known
14 previous participation in drug trafficking" and "apparently ha[d] an otherwise law-abiding
15 lifestyle and ha[d] been continuously employed throughout his life"; and (3) the Court should
16 consider the "need to avoid unwarranted sentence disparities among similar defendants with
17 similar records who have been found guilty of similar conduct."

18   At sentencing, Petitioner stated that he was satisfied with his attorney's services.

## Discussion[1]

**A.  Ineffective Assistance of Counsel**

   **1.  Ineffective Assistance in Plea Agreement**

22   It appears Petitioner is asserting a claim of ineffective assistance of counsel relating
23 to his decision to plead guilty. Petitioner alleges that "defense counsel misrepresented and
24 misadvised the plea to the defendant about the condition of his plea bargain, specifically

---

[1] The Court notes that Petitioner has apparently borrowed a habeas petition from a fellow inmate. The "Statement of the Case" in his petition bears absolutely no relation to his case, incorrectly stating the count to which he pled guilty, the offense, the sentence, and the supervised release term.

1  inquired by defendant, in as much as counsel knew that defendant's whole behavior and
2  guilty plea was structured to avoid a plea agreement that would not result in a long sentence
3  or a prison time" and that, if Petitioner "wouldn't have been mislead by his counsel regarding
4  his plea agreement; and if defendant would have known he could be sentenced to his current
5  term, he would have denied his plea agreement, would not have entered a guilty plea, and
6  would have insisted in going to trial."

7  When a defendant is represented by counsel during the plea process and pleads guilty
8  based upon the advice of counsel, the defendant can "'only attack the voluntary and
9  intelligent character of the guilty plea by showing that the advice he received from counsel'"
10 was outside "'the range of competence demanded of attorneys in criminal cases'" **and** was
11 prejudicial. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S. Ct. 366, 369-70, 88 L. Ed. 2d 203
12 (1985) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d
13 235 (1973), and *McMann v. Richardson,* 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed.
14 2d 763 (1970)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that
15 there is a reasonable probability that, but for counsel's errors, he would not have pleaded
16 guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. at 370.

17 Petitioner does not specify what advice counsel gave that fell outside the range of
18 competence for criminal attorneys. Moreover, Petitioner faced a significantly more serious
19 sentence had he been found guilty after a trial. He does not dispute that his Adjusted Offense
20 Level was 32 and that he had a Criminal History I. Under the Sentencing Guidelines, the
21 sentencing range for an Offense Level 32 and Criminal History I is 121-151 months.
22 Petitioner has failed to demonstrate any reasonable probability that, when his "whole
23 behavior" was structured to avoid a long prison sentence, he would have proceeded to trial
24 facing a sentencing of 121-151 months, rather than accept a plea agreement which capped
25 his sentence at 87 months.[2] Accordingly, Petitioner's claim fails. *See Pollard v. White*, 119

---

[2] Moreover, had Petitioner proceeded to trial, he would have also faced trial on Count One of the Indictment – importing approximately seventy-four pounds of cocaine into the

- 3 -

1  F.3d 1430, 1435 (9th Cir. 1997) (Court "do[es] not have to evaluate both prongs of the
2  [*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] test if
3  the defendant fails to establish one.").

### 2.  Ineffective Assistance at Sentencing

#### a.  Aberrant Behavior

6  Petitioner alleges that his counsel was ineffective at sentencing because his attorney
7  failed to request a downward departure based on Petitioner's aberrant behavior.

8  To prevail on a claim of ineffective assistance of counsel, Petitioner must show both
9  that his counsel's representation fell below an objective standard of reasonableness **and** that
10 counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S.
11 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

12 Petitioner was not entitled to a downward departure based on his aberrant behavior.
13 Under U.S.S.G. § 5K2.20(c)(3), the Court *cannot* depart downward based on aberrant
14 behavior if the offense is a "serious drug trafficking offense." The Sentencing Commission
15 defines a "serious drug trafficking offense" as "any controlled substance offense under title
16 21, United States Code, other than simple possession under 21 U.S.C. § 844, that provides
17 for a mandatory minimum term of imprisonment of five years or greater, regardless of
18 whether the defendant meets the criteria of § 5C1.2 . . . ." U.S.S.G. § 5K2.20 n.1.

19 Petitioner was charged with, and pled guilty to, a serious drug trafficking offense. *See*
20 21 U.S.C. § 841(a)(1) and (b)(1)(A). Therefore, he was not entitled to a downward departure
21 based on his aberrant behavior and his attorney's failure to request this departure did not
22 prejudice the defense. *See Strickland*. Thus, this claim of ineffective assistance of counsel
23 fails. *See Pollard*.

#### b.  Deportable Alien Status

25 Petitioner alleges that his counsel was ineffective at sentencing because his attorney
26 failed to request a downward departure based on Petitioner's status as a deportable alien.

---

28 United States, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and (b)(1)(B)(ii).

- 4 -

First, the Court was well aware at sentencing of Petitioner's status as a deportable alien. Even if Petitioner's attorney had made the argument that the Court should depart downward based on Petitioner's status as a deportable alien, this Court, in its discretion, would not have departed downward. *See Lizarraga-Lopez v. United States*, 89 F. Supp. 2d 1166, 1170 (S.D. Cal. 2000) (concluding that defendant's "status as a deportable alien was squarely within the 'heartland' of the Sentencing Guidelines and was specifically accounted for in the early release statute"); *United States v. Martinez-Villegas*, 993 F. Supp. 766, 781 (C.D. Cal. 1998) (denying downward departure based on deportable alien status and noting that "the Ninth Circuit has shown a reluctance to allow deportability status as a basis for a downward departure"); *cf. United States v. Davoudi*, 172 F.3d 1130, 1133-34 (9th Cir. 1999) (upholding district court's discretionary decision not to depart downward based on deportable alien status).

Second, Petitioner notes that a "Memorandum to all Prosecutors (Federal)" dated April 28, 1995, instructs federal prosecutors to recommend a one or two level downward departure "in exchange for [an] alien's concession of deportability." Petitioner has presented no evidence that he agreed to accept a final deportation order. Nor does he address whether the United States Attorney for this District has chosen to make a downward departure recommendation in exchange for a such an agreement, or whether this ten-year-old memorandum is still in effect.

Finally, to the extent Petitioner may be asserting an equal protection argument when he asserts that "he will be confined to a higher security than a comparable American counterpart on accounts of factors unrelated to moral worthiness and be subjected to more severe punishment" because he is required to spend "the last 10% of his sentence [in a deportation center rather than in] a minimum security facility" and because he does not qualify for a Bureau of Prisons' drug rehabilitation program, the Court notes that the Ninth Circuit Court of Appeals rejected Petitioner's argument in *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999). In that case, the Ninth Circuit found that there was no equal protection violation and held that "excluding prisoners with detainers from participating in community-

1 based treatment programs, and consequently from sentence reduction eligibility, is at least
2 rationally related to the BOP's legitimate interest in preventing prisoners from fleeing
3 detainers while participating in community treatment programs." *Id.* at 1186.

4 Because Petitioner's counsel's failure to seek a downward departure based on
5 Petitioner's deportable alien status did not prejudice the defense, this ineffective assistance
6 claim fails. *See Pollard*.

### c.    Early Disposition

8 Petitioner contends his attorney was ineffective because his attorney failed to seek a
9 downward departure pursuant to U.S.S.G. § 5K3.1 based on his compliance with an "Early
10 Disposition" program. This claim is without any merit. The Court actually did depart
11 pursuant to the plea agreement "based on § (5K3.1) Early Disposition Program and savings
12 to the government by early plea and waiver of appeal."[3]

## B.    Blakely

15 Petitioner contends that he is entitled to a downward departure based on *Blakely v.*
16 *Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

17 The Supreme Court in *Blakely* applied its prior holding in *Apprendi v. New Jersey*,
18 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000): "Other than the fact
19 of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed
20 statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
21 *Blakely*, 542 U.S. at 301, 124 S. Ct. at 2536. Petitioner has not identified how *Blakely*
22 impacts his sentence.

23 . . . .
24 . . . .
25 . . . .
26 . . . .

---

[3] Petitioner's plea agreement was designated as a "Fast Track 5K3.1" plea agreement.

- 6 -

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #17 in CR-05-666-TUC-FRZ) is **DENIED** and this case (CV-06-111-TUC-FRZ) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of the Motion and this order on Respondent and **SHALL SERVE** a copy of this order on Petitioner.

DATED this 13th day of March, 2006.

FRANK R. ZAPATA
United States District Judge